IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PATRA EVANS | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No.  3:26-CV-01150-O |
| | § | |
| ROMARK LOGISTICS OF TEXAS, | § | |
| INC., ET AL., | § | |
| | § | |
| Defendants. | § | |

## OPINION & ORDER

Before the Court are Defendant Romark Packaging, LLC's[1]  Motion to Dismiss and Brief in Support (ECF Nos. 5–6). Plaintiff did not file a response. After considering the briefing and applicable caselaw, the Court **GRANTS** Romark's Motion.

## I.    BACKGROUND[2]

This case arises from a workplace accident. Plaintiff Patra Evans ("Plaintiff") was placed through Defendant Elwood Staffing Services for material handling duties inside of Romark's warehouse. On April 25, 2025, Plaintiff was hit by a pallet jack and knocked to the ground. As a result of being hit by the pallet jack, Plaintiff filed suit on January 29, 2026, in the 193rd Judicial District Court in Dallas County, Texas bringing claims for negligence, negligence per se, and gross negligence. On April 10, 2026, Romark filed a Notice of Removal to effect removal to this Court. Romark subsequently filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure

---

[1] Romark Packaging, LLC asserts it was improperly sued as Romark Logistics of Texas, Inc. *See* ECF Nos. 1, 5. The Court will refer to Romark Logistics of Texas, Inc and Romark Packaging, LLC as Romark or Defendant.

[2] Unless otherwise cited, the Court's recitation of the facts is taken from Plaintiff's Original Petition. *See* Def's App. Supp. Notice of Removal, Ex. D (Original Petition), ECF No. 1-4. At the 12(b)(6) stage, these facts are taken as true and viewed in the light most favorable to Plaintiff. *Sonnier v. State Farm Mut. Auto. Ins.*, 509 F.3d 673, 675 (5th Cir. 2007).

12(b)(6) on April 16, 2026. The deadline for Plaintiff to respond to Romark's Motion has passed, and Plaintiff has not filed a response or sought an extension to her response deadline. Romark's Motion to Dismiss is now ripe for the Court's review.

## II.      LEGAL STANDARDS

The Federal Rules of Civil Procedure require a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 8(a) does not require "detailed factual allegations," but demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). If a plaintiff fails to satisfy this standard, the defendant may file a motion to dismiss under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead enough facts to state a claim to relief that is "plausible on its face." *Twombly*, 550 U.S. at 570. A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Unlike a "probability requirement," the plausibility standard demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 570). Where a complaint contains facts that are "merely consistent with" the defendant's liability, it "stops short of the line between possibility and plausibility" beyond which relief would be entitled. *Id.* (quoting *Twombly*, 550 U.S. at 557) (citation modified).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins.*, 509 F.3d 673, 675 (5th Cir. 2007). But the court may not accept legal conclusions

as true. *Iqbal*, 556 U.S. at 678–79. The Court is not bound to accept legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. When there are well-pleaded factual allegations, the Court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id*.

## III.   ANALYSIS

Plaintiff asserts causes of action for (1) negligence; (2) negligence per se; and (3) gross negligence.[3] Defendant moves to dismiss all three causes of action for failure to state a claim under Rule 12(b)(6).

### A. Texas Labor Code

Romark argues that "in Texas, an employee cannot bring a negligence, negligence per se, or gross negligence claim against their employer, as workers' compensation benefits are considered the exclusive remedy for such claims."[4] Romark is correct. Texas Labor Code § 408.001(a) provides that "[r]ecovery of workers' compensation benefits is the exclusive remedy of an employee covered by workers' compensation insurance coverage or a legal beneficiary against the employer or an agent or employee of the employer for the death of or a work-related injury sustained by the employee." Here, Plaintiff does not allege she was not covered by workers' compensation. Thus, her claims fail as a matter of law. *See Jones v. Alcoa, Inc.*, 339 F.3d 359, 365 (5th Cir. 2003) ("had this been a personal injury suit it would be precluded by the exclusive remedy provision of the Texas Workers Compensation Act."); *Ward v. Bechtel Corp.*, 102 F.3d 199, 204 (5th Cir. 1997) ("To the extent that her case is based on Bechtel's alleged negligence, recovery is

---

[3] Def's App. Supp. Notice of Removal, Ex. D (Original Petition) 4, ECF No. 1-4.
[4] Def.'s Br. Supp. Mot. Dismiss 4, ECF No. 6.

foreclosed by the Texas Workers' Compensation Act."). But even if Plaintiff's claims were not barred by the Texas Workers' Compensation Act, dismissal would still be appropriate.

### B. Negligence

Romark argues that Plaintiff's negligence claim should be dismissed because Plaintiff "fails to allege how the purported breaches caused the injury in question."[5] The Court agrees with Romark.

Texas has established that negligence requires the following elements: (1) legal duty, (2) breach of that duty, and (3) damages proximately caused by that breach. *IHS Cedars Treatment Ctr. of Desoto, Texas, Inc. v. Mason,* 143 S.W.3d 794, 798 (Tex. 2004). Texas further establishes two elements for proximity (1) cause in fact and (2) foreseeability. *Id.* In order for the Plaintiff to survive a motion to dismiss under Rule 12(b)(6), Plaintiff must provide some sort of factual bases as "[t]hese elements cannot be satisfied by mere conjecture, guess, or speculation." *Id.* at 798-99. Further there must be adequate factual matter in order for a Plaintiff to overcome a motion to dismiss. *Iqbal*, 556 U.S. at 678.

Plaintiff alleges Romark's actions constitute negligence by

1. Failing to implement and enforce safe pallet-jack operation procedures;
2. Allowing pallet jacks to be operated in an unsafe manner near workers performing manual tasks;
3. Failing to supervise, monitor, or control warehouse operations to prevent foreseeable collisions;
4. Failing to maintain reasonable safety practices for material-handling activities;
5. Failing to timely and appropriately respond to workplace injury; and
6. Failing to protect an injured worker from further harm following the incident.[6]

---

[5] *Id.* at 5.
[6] Def's App. Supp. Notice of Removal, Ex. D (Original Petition) 4, ECF No. 1-4.

But Plaintiff has not pleaded any facts to support these conclusions. Likewise, Plaintiff alleges "she was struck by the pallet jack and knocked down" and as a result "sustained severe injuries."[7] However, Plaintiff does not explain how Romark's alleged negligence caused her injuries, the extent of her injuries, or provide any details regarding the identity of the worker who injured her. Thus, Plaintiff has failed to adequately establish a prima facie case of negligence. *See Langley v. Metro. Life Ins. Co. & Sw. Airlines Co.*, No. 3:24-CV-2832-S, 2025 WL 1828518, at \*2 (N.D. Tex. July 2, 2025) (Scholer, J.) (granting motion to dismiss where "Plaintiff provides no more specific details about this accident, such as what the 'heavy materials' were, which Southwest employee directed him to unload these materials, how his eye was injured, or what specific 'heavy object' injured his eye."). Plaintiff's negligence claim is **DISMISSED with prejudice**.

### C. Negligence per se

Romark contends that Plaintiff has not alleged a plausible claim for negligence per se because she has not pleaded that Romark violated a particular statute.[8] The Court agrees with Romark.

In order to establish a claim of negligence per se Texas requires Plaintiff to prove the following elements: "(1) the defendant's act or omission is in violation of a statute or ordinance; (2) the injured person was within the class of persons which the ordinance was designed to protect; and (3) the defendant's act or omission proximately caused the injury." *Lopez-Juarez v. Kelly,* 348 S.W.3d 10, 27 (Tex. App.—Texarkana 2011, pet. denied).

Here, Plaintiff has failed to plead which statute or ordinance Romark violated or that such a statute provides for recovery under a negligence per se theory. Notwithstanding this deficiency,

---

[7] *Id.* at 3.
[8] Def.'s Br. Supp. Mot. Dismiss 6, ECF No. 6.

Plaintiff has failed to establish that the Plaintiff was the class of persons in which the ordinance was designed and made to protect. Thus, Plaintiff has failed to adequately establish a viable claim of negligence per se. Accordingly, Plaintiff's negligence per se claim is **DISMISSED with prejudice**.

### D. Gross negligence

Romark argues that dismissal of Plaintiff's gross negligence claim is warranted because "Plaintiff fails to allege facts supporting all the essential elements of a claim of gross negligence."[9] The Court agrees with Romark.

Texas requires proving two elements for a claim of gross negligence: (1) the defendant's act or omission objectively creates a heightened risk considering the likely harm profile done to others and (2) the defendant was subjectively aware of the potential risk and continued anyway, indifferent to the safety of others. *Guadalupe-Blanco River Auth. v. Pitonyak,* 84 S.W.3d 326, 341 (Tex. App.—Corpus Christi 2002, no pet.). Further, Texas has established that for negligence to be escalated to gross negligence the defendant must have been aware of the danger that caused the incident but did not address the danger as evidenced by the defendant's actions. *Id.*

Here, Plaintiff has failed to sufficiently allege that Romark caused an extreme risk of danger and potential likelihood of injury to others. Without any explanation or supporting facts, Plaintiff conclusively alleges that "Defendant Romark was grossly negligent and acted with malice, as that term is understood under Texas law, and such conduct was proximate cause of Ms. Evans' injuries."[10] This is insufficient to support a claim under Rule 8. *See Iqbal*, 556 U.S. at 678.

---

[9] *Id.* at 7.
[10] Def's App. Supp. Notice of Removal, Ex. D (Original Petition) 4, ECF No. 1-4

Thus, the Plaintiff has failed to adequately establish a prima facie case of gross negligence. Plaintiff's gross negligence claim is **DISMISSED with prejudice**.

### E. Leave to Amend

Federal Rule of Civil Procedure 15(a)(2) permits a court to grant leave to amend pleadings and even "evinces a bias in favor of granting leave to amend." *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 566 (5th Cir. 2002). But "leave to amend under Rule 15 is by no means automatic." *Goldstein v. MCI WorldCom*, 340 F.3d 238, 254 (5th Cir. 2003). "Nevertheless, a party must 'expressly request' leave to amend." *Estes v. JP Morgan Chase Bank, Nat. Ass'n*, 613 F. App'x. 277, 280 (5th Cir. 2015) (quoting *United States ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 387 (5th Cir. 2003)). Although "[a] formal motion is not always required," the requesting party must still "set forth with particularity the grounds for the amendment and the relief sought." *Willard*, 336 F.3d at 387. When a plaintiff fails to request leave to amend or indicate what might be added to the complaint if allowed to amend, a district court may dismiss the cause of action with prejudice. *See Joseph v. Bach & Wasserman, L.L.C.*, 487 F. App'x 173, 178 (5th Cir. 2012). Because Plaintiff, although represented by counsel, has failed to respond to Romark's Motion to Dismiss, the Court infers from her silence that she has no basis on which to oppose Defendant's arguments for dismissal or grounds to seek leave to amend, and thus, leave to amend is **DENIED**. *Barcenas v. Fed. Home Loan Mortg. Corp.*, No. CIV.A. H-12-2466, 2013 WL 286250, at *9 (S.D. Tex. Jan. 24, 2013).

## IV.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant Romark Packaging, LLC's Motion to Dismiss (ECF No. 5). Plaintiff's claims are **DISMISSED with prejudice**.

**SO ORDERED** this **22nd day** of **June, 2026**.

_____
Reed O'Connor
**CHIEF UNITED STATES DISTRICT JUDGE**